IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HAROLD DONNELL MIMS, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | 2:15-CV-08008-LSC |
| | ) | (2:13-CR-359-LSC-JEO-1) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

**I.   Introduction**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Harold Donnell Mims ("Mims") on March 23, 2015. (Doc. 1.) Mims contemporaneously filed a brief in support of this motion. (Doc. 2.) He challenges his conviction and 240-month sentence resulting from his plea of guilty to conspiracy to distribute heroin and distribution of heroin which resulted in death. The United States has responded to the motion (doc. 6), and Mims has replied (doc. 9). Accordingly, the motion is ripe for review. For the reasons set forth below, Mims's § 2255 motion is due to be denied.

**II.   Background**

In August 2013, a grand jury in the Northern District of Alabama returned a fifteen-count indictment charging Mims with conspiracy to distribute heroin, distribution of heroin, distribution of heroin which resulted in death, and use of a telephone to facilitate the heroin distribution. On February 7, 2014, Mims pleaded guilty to Count One (Conspiracy) and to Count Nine (Distribution of Heroin which Resulted in Death), and the United States agreed to dismiss the remaining counts of the indictment. The parties entered into a written plea agreement that contained a factual basis for the guilty plea. Mims stipulated and agreed to the following facts that are relevant to the instant motion:

> On February 21, 2013, defendant Harold Mims distributed heroin to an individual who, later that night, overdosed and died after ingesting the heroin. Prior to the sale of the heroin to the overdose victim, agents intercepted calls between the victim and Mims discussing the sale. Though not on the scene, agents observed the deal electronically, using a pole video camera that had been installed on January 28, 2013. That pole camera was aimed at #5 4th Court North, Birmingham, AL. After the victim's death, another individual told police that he had been with the victim when they purchased the heroin from the defendant on February 21, 2013. He and the overdose victim both ingested the heroin later that night. The autopsy report confirms that the cause of death was multiple drug overdose, and the toxicology report indicates that morphine was present in the victim's blood and in his urine. Both the medical examiner and the forensic toxicologist would testify that, in their opinions, heroin was the cause of the death.

(Doc. 27 at 7).

On May 27, 2014, this Court sentenced Mims to the statutory minimum sentence of twenty years imprisonment as to Counts 1 and 9, separately, to be served concurrently with the other. Judgment was entered on May 29, 2014. Mims did not appeal.

## III.  Discussion

Section 2255 permits a federal prisoner to bring a collateral challenge by moving the sentencing court to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Once a petitioner files a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id.* § 2255(b). A petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Aron v. United States*, 291 F.3d 708, 715 n.6 (11th Cir. 2002). "[A] petitioner need only allege—not prove—reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Id.* at 715 n.6. However, this Court need not hold a hearing if the allegations are "patently frivolous," "based upon unsupported generalizations," or "affirmatively contradicted by the record." *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989); *see, e.g.,*

*Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) ("Because the . . . affidavits submitted by Lynn amount to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied Lynn's § 2255 motion.").

Mims asserted one ground for relief in his § 2255 motion: ineffective assistance of counsel due to the failure to secure expert testimony that would exonerate him from the "death resulting" aspect of Count 9. Mims then alleged for the first time in his later-filed reply brief that he did not understand his plea agreement but was induced to accept it by defense counsel.

Because Mims filed his § 2255 motion within one year of the date that the judgment of his conviction became final, his motion is timely. *See* 28 U.S.C. § 2255(f)(1). Further, nothing in the record indicates that he has previously filed a § 2255 motion. Thus, the current motion is not "successive" within the meaning of § 2255(h). Moreover, Mims's § 2255 motion is not barred by Mims's plea agreement. Although Mims waived certain rights when he entered his plea agreement; he did not waive his right to contest any claims of ineffective assistance of counsel. Finally, claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion as opposed to on direct appeal and are therefore not subject to a procedural bar. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

The Sixth Amendment guarantees the right to effective assistance of counsel in all criminal prosecutions. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003). The standard applicable to claims of ineffective assistance of counsel in post-conviction motions is well-established: relief will not be granted unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). More specifically, the movant must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. The court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. This two part standard is applicable to ineffective-assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). With regard to the prejudice prong in the context of a guilty plea, the defendant must show "that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Mims first alleges that his trial attorney failed to hire an expert to presumably rebut the United States' proof that heroin was the "but for" cause of death with

regard to Count Nine. In *Burrage v. United States*, 134 S. Ct. 881, 892 (2014), the Supreme Court restricted the application of the twenty-year mandatory minimum sentence for drug dealers whose clients suffer death or serious bodily injury from Schedule I or II drugs found in 21 U.S.C. § 841(a)(1), (b)(1)(A)-(C). The Court held that "at least where the use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision . . . unless such use is a but-for cause of the death or injury." *Id.* The buyer in *Burrage* died after binging on a combination of drugs obtained from other sources, as well as heroin provided by the defendant. *Id.* at 885-86. Experts agreed that the heroin made the victim's death more likely, but, as the United States conceded, there was no evidence on the record that the heroin taken without the other drugs would have killed her. *Id.* at 885-86, 892. Likening his case to that of *Burrage*, Mims relies on the toxicological analysis report which is attached to his brief as "Exhibit A" to allegedly prove that the victim died from a combination of heroin and marijuana in his system.

However, while it is true that the victim had both of these drugs in his system, the medical examiner who relied on this toxicological report to form his opinion as to cause of death would have testified at trial that, but for the heroin in

his system, the victim would have lived. And Mims stipulated and specifically agreed to that fact in the factual basis of his plea agreement. The relevant portion of the factual basis in the plea agreement states, "On February 21, 2013, defendant Harold Mims distributed heroin to an individual who, later that night, overdosed and died after ingesting the heroin . . . The autopsy report confirms that the cause of death was multiple drug overdose, and the toxicological report indicates that morphine was present in his blood and in his urine. Both the medical examiner and the forensic toxicologist would testify that, in their opinion, heroin was the cause of death." (Doc. 27 at 7). Further, during his guilty plea hearing, Mims acknowledged, under oath, that he stipulated to and agreed with that factual basis in the plea agreement. (Doc. 39 at 15.) Mims also stated during his plea hearing that he understood that, should he decide not to plead guilty, the United States would have to prove that death resulted from the distribution of this heroin. (*Id.* at 11.)

Accordingly, this case is unlike *Burrage* in which the expert testimony was equivocal regarding which drugs caused the death in that case, because the toxicological expert and medical examiner who would have testified in this case would have reached the conclusion that heroin was the "but for" cause of death. The Court made it clear to Mims that he was pleading guilty to a crime which was supported by the fact that the heroin he distributed to the victim caused his death.

In other words, Mims did not agree to a factual basis which provided that heroin was *a* cause of death; rather, he agreed to a factual basis that heroin was *the* cause of death. And, he did so because, as the United States stated during the plea hearing, that is what the evidence would show if the case went to trial.

Contrary to Mims's bald assertion that another expert would not have been able to determine whether it was the heroin or the marijuana that caused the victim's death, the medical examiner would have testified that the heroin was the cause of death. But for the victim's ingestion of the heroin that Mims sold to him, the victim would not have died. Mims has proven neither that only an unreasonable counsel would not have sought out a different opinion, nor that such an opinion was available. Thus, he has failed to prove deficient performance, and speculation that such an opinion might have been available is insufficient to establish prejudice. Because the deficient performance prong of *Strickland* is an objective test, this Court need not know the actual reason counsel did not seek out a contrary expert. It is enough that that objectively reasonable reasons exist. *See Gordon v. United States*, 518 F.3d 1291, 1302 (11th Cir. 2008) ("When we can conceive of a reasonable motivation for counsel's actions, we will deny a claim of ineffective assistance without an evidentiary hearing."). Counsel's strategy was, moreover,

successful; Mims received the lowest sentence possible, considering the facts of this case.

To the extent that Mims asserts that his attorney coerced him into pleading guilty and that he did not understand that he was stipulating to the fact that heroin was the sole cause of the victim's death, the record refutes his allegations. Before the plea was accepted, this Court questioned Mims under oath and at length at the hearing to ensure he pled knowingly and voluntarily. The Court asked Mims if anyone had threatened him or coerced him in any way to get him to plead guilty, to which he answered no. (Doc. 39 at 17.) "There is a strong presumption that statements made [by the defendant] during the colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir.1988). Mims has offered no particulars to support his allegation that his attorney coerced him into pleading guilty. Moreover, Mims was placed under oath at the beginning of his guilty plea proceeding before he was asked any questions by the Court. Mims has made no attempt to explain how and why his guilty plea testimony that he was not coerced should now be deemed false. Moreover, when discussing the elements of the crime charged in Count Nine during the guilty plea hearing, the Assistant United States

Attorney specifically informed the Court that the United States must prove that death resulted from the distribution of the heroin by Mims. Mims stated that he understood that element of the offense. (Doc. 39 at 11-12). Plea bargaining retains its benefits of certainty and efficiency "only if dispositions by guilty plea are accorded a great measure of finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). "[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 73–74 (explaining that if the record reflects the procedures of plea negotiation and includes a verbatim transcript of the plea colloquy, a petitioner challenging his plea will be entitled to an evidentiary hearing "only in the most extraordinary circumstances"). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74. Mims's allegation that he did not understand that he was stipulating to the heroin being the cause of the victim's death is belied by the record.

In sum, Mims's allegations of ineffective assistance of counsel are without merit because he has not alleged facts that demonstrate deficient performance by counsel, nor has he demonstrated sufficient prejudice as to his claim. An

evidentiary hearing is not warranted because Mims's allegations are "based upon unsupported generalizations" and "affirmatively contradicted by the record." *Holmes*, 876 F.2d at 1553.

## IV. Conclusion

For the above stated reasons, Mims has failed to demonstrate that he is entitled to any relief from this Court, and his § 2255 motion is due to be denied and this action dismissed.

Rule 11(a) of the Rules Governing 2255 Proceedings requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds that Mims's claims do not satisfy either standard. As such, a certificate of appealability will not be issued.

A separate order will be entered.

**DONE** AND **ORDERED** ON AUGUST 31, 2015.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704